## STATE v. O. W. BAYNES AND P. H. DUNNAGAN.

(Filed 16 December, 1942.)

**1. Municipal Corporations § 10: Evidence § 35½—**

Records of the governing body of a municipal corporation are properly admissible in evidence to prove the facts stated therein; and evidence will not be admitted, in a collateral action, to vary or contradict such record, when regular and complete on its face.

**2. Same—**

Where statutes expressly require a full and accurate record of the governing body of a municipality to be kept, parol evidence is not admissible to aid, extend or supplement the record; but when there is no such statutory requirement, and the record contains nothing to show whether or not any action whatever was taken on a certain matter, parol evidence is admissible to show that action was actually taken, though it should be allowed with caution.

**3. Same—**

A lost or destroyed municipal record may be proven by parol.

**4. Same—**

Where an ordinance is adopted by the governing board of a municipality and that fact is shown, there is a presumption in favor of the validity of the ordinance.

**5. Constitutional Law § 6b—**

When the constitutionality of a city ordinance is attacked, its validity or invalidity will not be decided, when the appeal may be disposed of on other grounds.

**6. Criminal Law § 52b—**

In a criminal prosecution for violating a city ordinance, which prohibited the peddling of wares, publications or other merchandise·on the *sidewalks* in the business section, the evidence showing only that one of defendants sold papers in the *street* and not on the sidewalks of the prohibited area, a motion for judgment as of nonsuit should have been allowed.

**7. Criminal Law § 53c—**

In a criminal prosecution for violating a city ordinance, which prohibited the peddling of wares, publications or other merchandise on the *sidewalks* in the business section, there is prejudicial error in a charge to the jury that if they should find that another defendant sold the prohibited articles on the public *streets* within the area, he would be guilty.

APPEAL by defendants from *Warlick, J.,* at June Term, 1942, of DAVIDSON.

Criminal prosecution tried upon a warrant in Davidson County Court for the violation of an ordinance of the city of Lexington, N. C., pro-

hibiting any individual, firm, corporation or association "from peddling their wares, publications or other merchandise of whatsoever kind or description on the sidewalks in the city of Lexington in the business section," which area is set forth in the ordinance. Upon conviction in the county court, the defendants appealed to the Superior Court. Trial *de novo* in the Superior Court of Davidson County resulted in a verdict of guilty as to both defendants. Judgment: That each defendant shall pay the costs of the action as taxed by the clerk.

Defendants appeal therefrom to the Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*John J. Henderson, of Burlington, N. C., and Hayden C. Covington, of Brooklyn, N. Y., for defendants.*

DENNY, J. The State offered in evidence page 78 of the Minute Book of the Board of Commissioners of the city of Lexington, which contained only a copy of the ordinance, which defendants are charged with violating, together with the following statement: "Approved by the Ordinance Committee and adopted by the Board of City Commissioners in regular session, Monday, April 13, 1942."

The City Clerk, who is also a member of the Board of City Commissioners of Lexington, was permitted to testify, over the objection of the defendants, that the Board of Aldermen or Commissioners of the city of Lexington consists of ten members, that nine members were present at the regular meeting held on Monday, 13 April, 1942, that the ordinance in question was introduced and passed unanimously at said meeting. Generally speaking, parol evidence is not admissible to explain, extend or supplement the record of proceedings of a municipal council. In 19 R. C. L., Municipal Corporations, sec. 202, p. 902, it is stated: "Records of a municipal council are not only properly admissible in evidence to prove the facts stated therein, but it is well settled that evidence will not be admitted, in a collateral action, to vary or contradict such record when regular and complete on its face. . . . So also when the statutes expressly require a true and complete record of the proceedings of a municipal council to be kept, parol evidence is not admissible to aid, extend or supplement the record, or to prove that action was taken by the council which does not appear thereon. When, however, there is no express statutory provision that a complete record be kept, and the record contains nothing to show whether or not the council took any action whatever with respect to a certain matter, parol evidence is admissible to show that action was actually taken, but such a proceeding is fraught with so much danger that the rule should be administered with caution,

the alleged unrecorded proceeding not being held established without clear evidence thereof." Also in Vol. 23, R. C. L., Records, sec. 9, p. 159, we find there stated: "The law requires a record of municipal proceedings to the end that those who may be called to act under it may have no occasion to look beyond it, and to avoid the mischief of leaving municipal corporate action to be proved by parol evidence. The record made by the Clerk of a town meeting, board of supervisors, city council, school district or similar organization is conclusive of the facts therein stated, not only on the town, county or city, but on all the world so long as it stands as the record. Its accuracy cannot be drawn in question collaterally. It can be contradicted or impeached only in proceedings instituted directly for the purpose, and to the end that it may be corrected. So long as it is in existence, and can be produced, it is the only competent evidence of the action of the town or county. If it is destroyed or lost, parol evidence may be received to show what it was, but not to prove what the vote was by which the facts recorded were reached, except in so far as such proof may tend to establish the contents of the record."

The governing board of a town or city in this State is required by section 2822 of the Consolidated Statutes of North Carolina, to keep a full and accurate journal of its proceedings. All legislative sessions shall be open to the public, and every matter shall be put to a vote, the result of which shall be duly recorded. Section 2823 of the Consolidated Statutes of North Carolina, reads, in part, as follows: "No ordinance shall be passed finally on the date on which it was introduced, unless by two-thirds vote of those present."

We think it was error to admit parol testimony in an effort to show that the ordinance had been passed as required by statute. However, where an ordinance is adopted by the governing board of a municipality and that fact is shown, there is a presumption in favor of the validity of the ordinance. *Durham v. R. R.,* 185 N. C., 240, 117 S. E., 17. The minutes do not show when the ordinance was introduced, but only when it was passed. The governing board of a town, city or county has the right to have its minutes speak the truth and to that end may amend its records. *Power Co. v. Clay County,* 213 N. C., 698, 197 S. E., 603; *R. R. v. Reid,* 187 N. C., 320, 121 S. E., 534.

The validity of the enactment of the ordinance and the constitutionality thereof, are both challenged in the record. These questions will not be decided when the appeal may be disposed of on other grounds. *S. v. High, post,* 434; *S. v. Lueders,* 214 N. C., 558, 200 S. E., 22.

The defendants excepted to the refusal of his Honor to allow their motion for judgment as of nonsuit at the close of all the evidence. We think this motion should have been allowed as to the defendant P. H. Dunnagan. The evidence does not show that he sold any merchandise

on the sidewalks in the prohibited area. According to the evidence, he sold papers on the street within said area. It is a violation of the ordinance to sell wares, publications or other merchandise on the sidewalks, not in the street, in the business section of Lexington, as described in the ordinance.

As to the defendant O. W. Baynes, the motion for judgment of nonsuit was properly denied. However, after his Honor had charged the jury, the jury returned and asked the court, in writing, the following question: "Is his religious freedom and rights infringed upon, his rights to distribute this literature, by the City Ordinance?" The court answered: "This, Gentlemen of the Jury, is not directly the issue, and is not necessarily presented. It is a violation of the City Ordinance, as I have previously instructed you, for one to sell, that is peddle, literature, etc., on the public streets within the areas set forth in said ordinance, and this ordinance applies to all persons equally, both in and out of the city of Lexington, and which does in no wise as a matter of law infringe upon his religious freedom. If the defendant O. W. Baynes, sold any literature within this area for a valuable consideration to a third person, and you so find beyond a reasonable doubt, then peddling such, he would be guilty. Therefore, in the charge against O. W. Baynes, if you believe the evidence and find it sufficient beyond a reasonable doubt, then he would be guilty, and I so instruct you." Defendant duly excepted to the above portion of the charge.

His Honor inadvertently did not confine the sales made by this defendant to the sidewalks within the area set forth in the ordinance. We think this was prejudicial and for which this defendant is entitled to a new trial. We deem it unnecessary to discuss the other exceptions.

New trial as to O. W. Baynes.

Reversed as to P. H. Dunnagan.