N. J. GEORGE AND WIFE, MARY B. GEORGE; LORAINE BURNS; JOHN A. MITCHENER III; JAMES G. BLOUNT; AND BYRON P. KEHAYES v. TOWN OF EDENTON; ROY L. HARRELL, MAYOR AND MEMBER OF THE TOWN COUNCIL OF THE TOWN OF EDENTON; JAMES C. DAIL, JESSIE L. HARRELL, W. H. HOLLOWELL, JR., HARRY A. SPRUILL, JR., LEO F. KATKAVECK, ERROL FLYNN, JAMES DARNELL, AND J. H. CONGER, JR., MEMBERS OF THE TOWN COUNCIL OF THE TOWN OF EDENTON; W. B. GARDNER, ADMINISTRATOR; AND W. G. MATTHEWS, BUILDING INSPECTOR

No. 761SC683

(Filed 15 December 1976)

1. **Municipal Corporations § 30— zoning matters — timeliness of notice mandatory**

   Timeliness of notice in zoning matters is a mandatory requirement that is strictly construed even where prejudice to a property owner is not shown; therefore, the rezoning of a particular tract of land within the one-mile zoning jurisdiction of defendant town was rendered invalid where notice was published 12 days before hearing on the rezoning application rather than 15 days before as required by the town's zoning ordinance.

2. **Municipal Corporations § 30— rezoning land — incorporation in map — part of new ordinance — no amendment**

   The rezoning of a tract of land by incorporating the change into a new zoning map was a part of a new comprehensive zoning ordinance adopted by defendant Town Council, not an amendment to the new ordinance subject to the procedures of the ordinance governing amendments.

3. **Municipal Corporations § 6— minutes of town council — impeachment impermissible in collateral attack — parol evidence impermissible to explain**

   The minutes of a governing board of a town, city, or county cannot be impeached or contradicted in a collateral attack, nor is parol evidence admissible to explain, extend or supplement the record of proceedings of a municipal council.

4. **Municipal Corporations § 30— initial exercise of zoning authority — designation of planning agency required**

   Before a municipality can ever exercise the zoning powers granted by the State under the enabling provisions of G.S., Chap. 160A, Part 3, the municipality must designate a planning agency to develop and certify a zoning ordinance; however, those requirements, as set forth in G.S. 160A-387, are prerequisites only to the municipality's initial exercise of zoning power, and thereafter the planning agency, which was created at the initial stage, remains present to assist the legislative body in further zoning activity.

5. **Municipal Corporations § 30— new zoning ordinance — proper exercise of town's authority**

    Defendant Town Council properly exercised its legislative authority, mindful of the fundamental concepts of zoning and in conjunction with the advice of the town's planning board, in enacting a new comprehensive zoning ordinance.

APPEAL by plaintiffs from *Peel, Judge.* Judgment entered 2 April 1976 in Superior Court, CHOWAN County. Heard in the Court of Appeals 17 November 1976.

This appeal involves an action brought by several citizens seeking a declaratory judgment to hold invalid two rezoning changes by the Town of Edenton. At issue is the rezoning of two tracts of land of approximately ten acres each. One tract (South Tract) is located on the south side of North Carolina Highway 32 at the proposed intersection and interchange of Highway 32 and U. S. Highway 17 Bypass. The second tract (North Tract) is on the north side of Highway 32 at the same proposed interchange. Both tracts are outside of the town limits of Edenton but are within the one-mile zoning jurisdiction of the town.

On 2 January 1975 Rosa F. Ward conveyed to Bernard P. Burroughs and Wiley J. P. Earnhardt, Jr., certain real property including the two tracts in question. At the time of the conveyance there was pending before the Edenton Town Council a rezoning application to amend the zoning ordinance to change the South Tract zoning from R-20 (Residential-Agricultural) to CS (Shopping Center). The application had been unanimously approved by the Planning and Zoning Commission (Planning Board) of Edenton. On 11 February 1975 the application was denied by vote of the town council.

Earnhardt and Burroughs applied for an amendment to the zoning ordinance to rezone the North Tract from R-20 to CH (Highway-Commercial) on 14 March 1975. The Planning Board approved the request and submitted it to the town council. After public hearing the application was denied by vote of the town council on 13 May 1975.

At the same meeting the town administrator presented a proposed new zoning ordinance for the town council's consideration. The council then scheduled a joint meeting of the council and Planning Board for 26 May 1975 to consider the new zoning ordinance. At that meeting some changes were proposed,

and the Planning Board recommended the ordinance with changes to the council. Public hearing was set for 8 July 1975.

On 12 June 1975 Earnhardt and Burroughs again requested zoning changes. They applied for a change in the zoning ordinance changing both the North and South Tracts from R-20 to CS. The Planning Board unanimously approved the requests and submitted them to the council. On 8 July at the public hearing on the new zoning ordinance, a motion was made to include as part of the new zoning ordinance a change in the zoning map, whereby the North Tract would be zoned CH rather than R-20. Further public hearings on this proposed change in the proposed ordinance were deemed necessary and scheduled for 12 August 1975. It was also decided that in conjunction with the hearings on the new ordinance, the application of Earnhardt and Burroughs to change the North Tract to CS should also be publicly aired. Public hearing on their rezoning application for the South Tract was scheduled for 26 August 1975.

On 12 August after public hearing the council adopted the new zoning ordinance and zoning map on which the North Tract was zoned CH. Thereafter, Earnhardt and Burroughs withdrew their request for a CS zoning as to the North Tract.

On 26 August 1975 the South Tract rezoning was considered at public hearing. The council postponed decision on the application indicating further hearings would be needed and that notice would be issued prior to those hearings. On 14 October 1975, without further notice or hearings, the council approved the application rezoning the South Tract from R-20 to CS. The first public notice of any public hearing with respect to the South Tract rezoning was published on 14 August 1975.

At all of the public hearings concerning both tracts, the plaintiffs were present or knew of the meetings and were given full opportunity to voice their objections. Plaintiffs filed their declaratory judgment action on 10 November 1975. Answer was filed by the Town of Edenton on 12 January 1976. Thereafter, both defendants and plaintiffs moved for summary judgment. The trial judge held a pretrial conference, after which both sides presented their evidence. At the close of evidence defendants' motion for summary judgment was granted and plaintiffs' was denied. Plaintiffs appealed.

*Twiford, Seawell, Trimpi & Thompson, by John G. Trimpi;
and O. C. Abbott for plaintiffs.*

*White, Hall, Mullen & Brumsey, by Gerald F. White and
John H. Hall, Jr., for defendants.*

BROCK, Chief Judge.

Summary judgment in favor of defendants in effect affirms
two legislative acts—the rezoning of two separate tracts of land.
Plaintiffs challenge the validity of both legislative acts, but
since each rezoning was accomplished by a distinct method,
plaintiffs' challenges present different issues as to each rezon-
ing. Because each rezoning presents a distinct question, each will
be considered separately.

As to the South Tract, plaintiffs contend that the rezoning
was invalid because the public hearings thereon were held with-
out proper notice. Edenton's Zoning Ordinance, adopted 27
May 1969, required notice of public hearings to be published in
a newspaper "not less than fifteen (15) days prior to the date
established for the hearing." § 14-6. The new Zoning Ordinance,
adopted 12 August 1975, reenacted the fifteen-day published
notice requirement.

[1]   The public hearing to consider the South Tract rezoning
application was set for and held on 26 August 1975. Notice of
this hearing was published for the first time on 14 August
1975, only twelve days before the hearing date. Timeliness of
notice in zoning matters is a mandatory requirement that is
strictly construed even where prejudice to a property owner
is not shown. 1 Anderson, American Law of Zoning, § 4.12,
171. Failure to comply with the notice requirement invalidates
the amendment to the Zoning Ordinance. In the case at bar the
record and stipulations of the parties show that the fifteen-day
period of § 14-6 of the zoning ordinance was not followed. The
zoning of the South Tract to a CS classification is thus rendered
invalid.

[2]   As to the North Tract, plaintiffs argue that rezoning the
tract from R-20 to CH by incorporating the change into a new
zoning map is invalid for either of two reasons. First, the zon-
ing change was accomplished by the town council at the meeting
on 12 August 1975 after the adoption of the new comprehensive
Zoning Ordinance. Since the rezoning occurred after the adop-

tion, it amounted to an amendment of the Zoning Ordinance and was thus subject to the procedures of the ordinance governing amendments. Under § 14-5 an amendment must be submitted to the Planning Board for its recommendation, which did not occur. Further § 14-8 mandates that no application for the "same change of zoning amendment" shall be accepted by the council where a similar application had been denied within the next preceding six months. Here Earnhardt and Burroughs had been denied a CH zoning request on 13 May 1975, some two months prior to the rezoning at issue.

Plaintiffs' argument is unconvincing. The record shows, through the minutes of the Town Council of Edenton, that at the public hearing and meeting of the council on 12 August 1975, the new comprehensive Zoning Ordinance was adopted by the council and that "as a part of the adoption of a new Zoning Ordinance, a new official zoning map be adopted, incorporating the change from R-20 to Highway Commercial" as to the North Tract. The change in the zoning map was not an amendment to the new ordinance. It was part of the new ordinance.

[3] Plaintiffs argue that the testimony of their witnesses who were present at the public hearing shows that the minutes are incorrect. At trial the court listened to the parol evidence of plaintiffs over the objection of defendants, reserving its ruling until the close of evidence. At that time the court ruled the testimony inadmissible. We agree. The minutes of the governing board of a town, city, or county cannot be impeached or contradicted in a collateral attack, nor is parol evidence admissible to explain, extend or supplement the record of proceedings of a municipal council. *State v. Baynes*, 222 N.C. 425, 23 S.E. 2d 344 (1942). The adoption of the zoning map including the rezoning of the North Tract was a part of the adoption of the new comprehensive Zoning Ordinance.

As their second reason, plaintiffs argue that if the actions of the council on the new ordinance were "adoptive," then the council violated the requirement of G.S. 160A-387 in that the new ordinance had not been certified by the Planning Board of Edenton. We disagree. The provisions of G.S. 160A-387 read as follows:

"In order to exercise the powers conferred by this Part, a city council shall create or designate a planning

agency under the provisions of this Article or of a special act of the General Assembly. The planning agency shall prepare a zoning plan, including both the full text of a zoning ordinance and maps showing proposed district boundaries. The planning agency may hold public hearings in the course of preparing the plan. Upon completion, the planning agency shall certify the plan to the city council. The city council shall not hold its required public hearing or take action until it has received a certified plan from the planning agency. Following its required public hearing, the city council may refer the plan back to the planning agency for any further recommendations that the agency may wish to make prior to final action by the city council in adopting, modifying and adopting, or rejecting the ordinance."

[4] It is clear that before a municipality can ever exercise the zoning powers granted by the State under the enabling provisions of G.S., Chap. 160A, Part 3, the municipality must designate a planning agency to develop and certify a zoning ordinance. The procedure in G.S. 160A-387 is, however, a prerequisite only to the municipality's initial exercise of zoning power. Thereafter, the planning agency, which was created at the initial stage, remains present to assist the legislative body in further zoning activity.

The planning agency, here the Planning Board of Edenton, is not a legislative body. In relation to the town council, it functions only in an advisory capacity, and its recommendations are in no way binding on the council. *In re Markham,* 259 N.C. 566, 131 S.E. 2d 329 (1963); *Allred v. City of Raleigh,* 277 N.C. 530, 178 S.E. 2d 432 (1971). In any zoning legislation the burden is on the city or town council to properly follow the fundamental concepts of zoning. *Allred v. City of Raleigh, supra.*

[5] In the case at bar the Town Council of Edenton properly exercised its legislative authority, mindful of the fundamental concepts of zoning and in conjunction with the advice of the Planning Board. The new Zoning Ordinance adopted on 12 August 1976 was a comprehensive reworking of the old Zoning Ordinance. It was not merely concerned with reclassifying particular parcels of land. The new act also rewrote the procedures applicable to zoning matters and redesigned the land use classifications.

The new ordinance had been under careful consideration by the Planning Board of Edenton since October of 1974. The town had entered a $6,000 contract with the North Carolina Department of Natural and Economic Resources to study and develop the new ordinance. The proposed ordinance, thus developed by the Planning Board, was presented to the council on 13 May 1975. A joint session of the council and Planning Board was thereafter called to consider the new ordinance and possible changes. The changes discussed at the 26 May 1975 meeting were recommended to the council by the Planning Board. Before adoption, there were two properly called and conducted public hearings. The entire process of enacting the new Zoning Ordinance including its reclassification of the North Tract reflects a careful, deliberate course taken by the town council to provide for the planning and development needs of the town in line with the spirit and purposes of G.S., Chap. 160A, Part 3.

Plaintiffs' remaining assignments of error have been carefully considered. As to them, no prejudicial error has been shown.

The judgment of the superior court upholding the validity of the rezoning of the North Tract is affirmed. The judgment upholding the validity of the rezoning of the South Tract is reversed, and the case is remanded to the Superior Court of Chowan County with the direction that the rezoning of the South Tract be declared invalid for failure of proper notice.

Affirmed in part, reversed in part, and remanded.

Judges PARKER and HEDRICK concur.