Board of Transportation v. Greene

---

BOARD OF TRANSPORTATION v. RODNEY C. GREENE, SAM TATE, DENNARD McGUIRE, AND LEE TRIPLETT, AS TRUSTEES OF MIDDLE FORK BAPTIST CHURCH; LaVERNE PREVATTE AND HUSBAND, HORACE PREVATTE

No. 7724SC633

(Filed 7 February 1978)

1. **Evidence §§ 31.1, 33.1— statements in affidavit—hearsay—best evidence rule**
   Statements in an affidavit by the former Secretary of the Board of Transportation explaining the reason the Board decided to locate a proposed highway on certain property were not inadmissible as hearsay where they related to action taken by the Board and included only matters which were within the affiant's personal knowledge; nor did the statements violate the best evidence rule on the ground that the original transcript of the Board of Transportation's decision was the best evidence, since there was no dispute as to the contents of the Board's decision, and the affiant's statements related to facts other than the contents of the Board's ruling.

2. **Eminent Domain § 16— highway condemnation—disbursement of funds deposited—dispute as to title**
   The trial court properly ruled that it could not under G.S. 136-105 disburse funds paid into court in an action to condemn church property for a

highway because there was a dispute as to title to the realty between the owners of a determinable fee (the church trustees) and the owners of the reversionary interest in the realty; nor could the court disburse to the church trustees that portion of the deposited money which represents damage to the church building, since an adjudication that the reversioners are entitled to the realty would present a second question as to whether the church building is a real fixture which passes to the reversioners with title to the real estate or whether it is a personal fixture for which the church trustees are entitled to compensation.

APPEAL by defendants, Trustees of Middle Fork Baptist Church, from *Gaines, Judge.* Judgment entered 13 April 1977 in Superior Court, AVERY County. Heard in the Court of Appeals 17 November 1977.

On 13 September 1976, plaintiff, North Carolina Department of Transportation instituted this proceeding to condemn, for use in a highway project, a .75 acre tract of land in Blowing Rock Township title to which is held by the trustees of Middle Fork Baptist Church. Defendants Prevatte were joined as defendants because they retained a reversionary interest in the land. In 1967 the Prevattes conveyed the land to the church trustees "so long as the property herein described shall be used as a Missionary Baptist Church and in the event said property is not used as a Missionary Baptist Church, the title to said property shall revert to [the Prevattes or their successors] . . . ." There was a dispute as to the value of the land and the Board of Transportation, pursuant to G.S. 136-103, deposited $66,775 as its estimate of just compensation for the taking.

A dispute also arose between the church trustees and the Prevattes as to who was entitled to compensation for the loss of the property. On 2 February 1977, defendant church trustees filed a motion pursuant to G.S. 136-105 requesting that the deposited money be paid to them on the grounds that the church held title to the condemned property by deed from defendants Prevatte to defendant church trustees dated 28 October 1967, and recorded in Book 100, at page 516, in the office of the Register of Deeds of Watauga County. On 14 February 1977, defendants Prevatte filed a similar motion requestiong that the money be paid to them on the grounds that the reversionary clause had been activated by the church's allegedly instigating the involuntary condemnation proceedings in order to defeat the reversionary rights of the defendants Prevatte.

On 14 April 1977, the court denied both motions for disbursement of funds on the grounds that under G.S. 136-105 a judge may not disburse funds which have been deposited as payment for condemned property when a dispute exists as to title, and that in the present case, a dispute as to title existed. The church trustees appealed from the judge's denial of their motion for disbursement.

*John H. Bingham and Stacy C. Eggers, Jr., for defendant appellees, LaVerne Prevatte and husband, Horace Prevatte.*

*Charles E. Clement and Paul E. Miller, Jr., for defendant appellants, Trustees of Middle Fork Baptist Church.*

MORRIS, Judge.

[1] Appellants' first assignment of error is directed to the admission into evidence of that portion of the affidavit of G. Perry Greene, former Secretary of the Board of Transportation, which purports to state the reasons that the plaintiff, Board of Transportation, decided to locate the state highway on the Middle Fork Missionary Baptist Church property. Appellants argue that the third and fifth paragraphs of the affidavit which explain the reason the Board of Transportation decided to locate the proposed highway on the church property are inadmissible because the statements are hearsay and allegedly violate the parol evidence rule preventing the admission of any evidence which seeks to "explain, extend or supplement the Board's decision." We find no merit in this contention.

The statements made by the affiant Greene in the third and fifth paragraphs related to action taken by the Board of Transportation of which he was serving as Secretary. The statements only included matters which were within the personal knowledge of the affiant Greene. Since the truth of the matters asserted in the affidavit were not dependent upon one other than the declarant, the statements could not be considered hearsay and were admissible. 1 Stansbury, N.C. Evidence, (Brandis Rev.), § 138; *see also State v. Robbins*, 275 N.C. 537, 169 S.E. 2d 858 (1969).

Appellants also contend that the statements sought to be excluded violate the parol evidence rule, the original transcript of the Board of Transportation's decision being the only evidence admissible. Appellants rely on *George v. Town of Edenton*, 31 N.C. App. 648, 230 S.E. 2d 695 (1976), *cert. allowed* 292 N.C. 264, 233

S.E. 2d 391 (1977), and the discussion of the best evidence rule in § 190 of Stansbury, N.C. Evidence. However, § 190 refers to a situation such as obtained in *George*; *i.e.*, a dispute over the contents of the document which will result in the court's considering the actual document itself to be the definitive evidence which will not be subject to collateral attack by parol evidence. This principle is concisely stated in 2 Stansbury, N.C. Evidence, (Brandis Rev.), § 191, pp. 103-104:

> "The best evidence rule applies only when the *contents* or *terms* of a document are in question. It does not require the production of a writing, in preference to other species of evidence, as proof of any particular fact, nor does it insist upon the writing being produced where the only question relates to some fact about it other than contents."

In the present situation, appellants do not dispute the truth of the matters contained in the third and fifth paragraphs. They allege that the original transcript of the Board of Transportation's decision is the best and only evidence that should be considered. However, there is no dispute as to the contents or terms of the Board of Transportation's decision to locate the highway on the church property, and affiant Greene's statements relate to facts other that the contents of the official Board of Transportation ruling.

Even assuming *arguendo* that the statements in the affidavit were hearsay or in violation of the parol evidence rule cited by appellants, the fact that evidence was erroneously admitted will not ordinarily be held prejudicial, since it will be presumed that the court did not consider the incompetent evidence in making his decision. *Cogdill v. Highway Comm.*, and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971). *See also* 1 Strong, N.C. Evidence 3d, Appeal and Error, § 48, p. 306. In the present case, competent evidence was introduced showing that there was a dispute as to the title of the church property. Therefore, Judge Gaines's finding with respect to the title dispute is binding on appeal even though incompetent evidence may have been admitted in G. Perry Greene's affidavit. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm., supra.*

[2] Appellants next four assignments of error are directed to the court's order denying the two G.S. 136-105 motions for disburse-

ment of funds. Appellants excepted to the court's finding of fact that there was a bona fide dispute as to title to the property, to the court's conclusion of law that the funds could not be disbursed because of the title dispute, to the court's denial of their motion to disburse the funds, and to the court's order that the funds remain on deposit. Each of these assignments of error related to the court's finding that there was a title dispute with reference to the condemned property and to the court's interpretation of G.S. 136-105.

Appellants contend that there is only a dispute with respect to the disbursement of funds, not as to title; that under the decision in *Charlotte v. Recreation Comm.*, 278 N.C. 26, 178 S.E. 2d 601 (1971), the fee determinable and possibility of reverter were both acquired simultaneously by the Board of Transportation through the condemnation proceeding; that the simultaneous acquisition creates a fee simple in the Board of Transportation by the doctrine of merger; that since the possibility of reverter had not been activated by the date of the taking, it was valueless and the church trustees are now entitled to the total amount on deposit; and that if the church trustees are not entitled to the total amount on deposit, they are entitled to that amount of money which represents damage to the church building. We find no merit in these contentions.

With respect to appellants' argument that there is no dispute with respect to the title, we conclude that Judge Gaines heard competent evidence during the hearing on the G.S. 136-105 motions indicating that there was a title dispute and that Judge Gaines made a finding of fact to that effect which is binding on this Court. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm., supra.* Having found a dispute as to title existed, the trial court was unable to disburse the funds as the defendants had requested because the applicable provision of G.S. 136-105 provides:

"... Upon such application, the judge shall, *unless there is a dispute as to title*, order that the money deposited be paid forthwith to the person entitled thereto in accordance with the application." (Emphasis supplied.)

Any disbursement of the disputed funds would be improper until the title issue is properly adjudicated in a trial on the merits.

Such a forum would be the proper place for the appellants to raise the issues presented by the *Charlotte* case.

Finally, appellants' contention that this Court should award them that portion of the deposited money which represents damage to the church building is also without merit. If the trial court determines after an adjudication on the title issue that the reversioners are entitled to the realty, a second question arises as to whether the church building is a real fixture which passes to the reversioners with title to the real estate or whether it is a personal fixture for which the church trustees are entitled to compensation. *See* J. Webster, Real Estate Law in North Carolina, Real Fixtures, §§ 12-21 (1971). This is an issue which must be determined upon a trial on the merits.

The trial court's order refusing to distribute the funds deposited on the grounds that a dispute as to title exists is

Affirmed.

Judges HEDRICK and ARNOLD concur.