ALMA MAE KENNEDY SHEPPARD v. DAVID PHILLIP SHEPPARD, CLIFFORD GENE SHEPPARD AND JEWEL HARE SHEPPARD

No. 7819DC32

(Filed 21 November 1978)

1. **Infants § 6.3— child custody—contest between mother and grandmother—evidence of deceased father's character irrelevant**

    In a child custody proceeding where the natural mother and the paternal grandmother sought custody, the trial court properly excluded a letter allegedly written by plaintiff's deceased husband to plaintiff while he was incarcerated while awaiting trial for assault upon plaintiff, since the letter was irrelevant, the character of the natural father not being in issue.

2. **Appeal and Error § 49.1; Rules of Civil Procedure § 43— objection to question properly sustained—answer in record unnecessary**

    In actions tried without a jury it is not necessary to place answers in the record after objections to questions have been properly sustained if the evidence is clearly not admissible on any grounds. G.S. 1A, Rule 43(c).

3. **Trial § 14— order of proof—discretionary matter**

    Plaintiff was not prejudiced by the trial court's ruling that plaintiff could not call defendant as a witness in the case in chief but must wait and cross-examine her when she testified in support of her own prayer for child custody, since plaintiff was afforded ample opportunity to cross-examine defendant, and the order of the presentation of evidence was within the trial court's discretion.

4. **Adoption § 1— confidentiality of records—attorney's files subpoenaed—circumvention of protection statute**

    The trial court in a child custody proceeding properly excluded from evidence the files which plaintiff had subpoenaed of plaintiff's former counsel concerning adoption by plaintiff and her deceased husband of their first child since plaintiff could not circumvent G.S. 48-26, the statute protecting the final order of adoption and all papers and reports filed pursuant to G.S. Chapter 48, under the guise of a waiver of the attorney-client privilege.

APPEAL by plaintiff from order of *Faggart, Judge.* Judgment entered 30 July 1977 in the District Court, RANDOLPH County. Heard in the Court of Appeals 17 October 1978.

This case involves a child custody action initiated by the natural mother of three minor children. The action is filed against the deceased natural father's mother and two brothers. The paternal grandmother took custody of the three children 1 April 1977, when the natural father, Charles Jerry Sheppard, was shot and killed by John Hall, a companion of the plaintiff. Defendant, Jewel Hare Sheppard, answered the complaint praying that she be given legal custody of the children. After trial in the district court without a jury, the court ordered that the children's paternal grandmother, Jewel Hare Sheppard, be given custody of the three children.

From signing and entry of the order of custody the plaintiff appeals.

Other evidence necessary for this decision will be set out in the opinion below.

*Ottway Burton for plaintiff appellant.*

*Floyd, Baker & Tennant, by James L. Tennant, for defendant appellees.*

MORRIS, Judge.

[1] We will first address the plaintiff's assignments of error relating to the admission of evidence. We note at the outset the established principle of appellate review of cases tried before a judge without a jury that the technical rules of evidence will not be controlling on the trial court absent a clear showing of prejudice by the complaining party. *Contracting Co. v. Ports Authority,* 284 N.C. 732, 202 S.E. 2d 473 (1974); *Board of Transportation v. Greene,* 35 N.C. App. 187, 241 S.E. 2d 152 (1978).

Defendant's objection to the admission into evidence of a letter allegedly written by plaintiff's deceased husband was properly sustained. The letter, sent to plaintiff by her now deceased husband who was then incarcerated while awaiting trial for assault upon the plaintiff, contained an offer to "go to church and help [plaintiff] to raise [the] children right" if the plaintiff would

refrain from prosecuting the assault charge. We find the relevance of the letter too tenuous to require admission into evidence. The paternal grandmother is seeking custody to the exclusion of the natural mother. Thus, the trial court is faced with the delicate task of ordering custody in such person as will, in the opinion of the judge, best promote the interest and welfare of the child. G.S. 50-13.2. The character of the natural father is not in issue. Nevertheless, the letter's contents had, through oral testimony, come before the trial judge. We find no prejudice to plaintiff because of the exclusion of the writing.

The plaintiff has excepted to and assigned as error numerous rulings by the trial court excluding evidence concerning the character and reputation of the male defendants, the records of the business of the male defendants, and criminal records of the male defendants. Plaintiff further excepted to the exclusion of evidence concerning alleged threats upon a witness by Gene Sheppard and the death of David Sheppard's wife following a child custody action filed by his deceased spouse. Although the male defendants are nominal parties to this action, their reputation has an insufficient nexus to the narrow issue of the fitness of defendant Jewel Hare Sheppard to require the trial court's consideration of such evidence. We note that plaintiff made no direct attack upon the fitness of the feme defendant—the only defendant seeking custody of the children.

[2] Plaintiff has assigned as error the trial court's refusal to permit answers to be placed into the record after objections to the questions had been properly sustained. In actions tried without a jury, such evidence need not be placed into the record if it is clearly not admissible on any grounds. G.S. 1A-1, Rule 43(c). *See e.g., State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977) (not error to refuse to insert irrelevant matter into the record).

[3] Plaintiff assigns as error the trial court's ruling that plaintiff could not call defendant, Jewel Hare Sheppard, as a witness in the case in chief. The trial court ruled that, since the witness would testify in support of her own prayer for custody of the child, plaintiff could cross-examine her at that time. Although it would perhaps have been better practice for the court to have allowed plaintiff to call the defendant as an adverse witness, the order of developing a case is within the discretion of the trial

judge. The customary order of the presentation of evidence is a rule of practice, not law. *In Re Westover Canal*, 230 N.C. 91, 52 S.E. 2d 225 (1949). The plaintiff was afforded ample opportunity to cross-examine the feme defendant. We cannot say that plaintiff, especially in a trial without jury, was prejudiced by the order of presentation of witnesses in this case.

[4] Plaintiff subpoenaed the files of plaintiff's former counsel who were employed to aid plaintiff and her deceased husband in adopting their first child who was born out of wedlock. The trial court sustained objections to the introduction of those records on the grounds that plaintiff was attempting to avoid the special procedures for opening court files of adoption proceedings. *See* G.S. 48-26. Although we are unable to perceive from the record precisely what matter within the attorney's file plaintiff sought to introduce, we note that the final order of adoption and all papers and reports filed pursuant to G.S. Chapter 48 are protected by the statute. G.S. 48-24, 48-25, 48-26. We cannot say that the trial court erred in refusing to permit the attorney's files, which most likely contained duplicates of many of the papers protected by the statute, to become a matter of public record through admission into evidence at trial. The trial court was correct in preventing circumvention of G.S. 48-26 under the guise of a waiver of the attorney-client privilege. In so holding we note the mandate of G.S. 48-1(3) that when the interest of a child and adult conflict, resolution should be in favor of the child. *See generally Matter of Adoption of Spinks*, 32 N.C. App. 422, 232 S.E. 2d 479 (1977). We express no opinion concerning whether, if proper procedures had been followed, the plaintiff would have been entitled to open the official adoption records.

The plaintiff's remaining assignments of error relate to the trial court's findings of fact. The trial court in child custody cases is vested with broad discretion. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974); *King v. Allen*, 25 N.C. App. 90, 212 S.E. 2d 396 (1975). The trial judge's decision will not be upset, in the absence of a clear abuse of discretion, if the findings are supported by competent evidence. *Matter of Custody of Williamson*, 32 N.C. App. 616, 233 S.E. 2d 677 (1977); *King v. Allen, supra*. The plaintiff's contentions have been carefully reviewed, and we conclude that there is competent evidence to support the findings of fact. There is testimony, which if believed, supports the findings

that David Phillip Sheppard lived in California and that the plaintiff left her husband and children for another man. The court's findings that the minor children were of sufficient age to understand the nature of the proceedings and its implied finding of competency are within the sound discretion of the trial judge. *State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977). The remaining findings are supported by the evidence with the exception of finding No. 13. That finding, insofar as it incorrectly recites that defendant David Sheppard was represented by James L. Tennant, is inconsequential and clearly harmless error.

In many child custody cases, there is seldom an entirely satisfactory resolution. However, the trial court carefully considered the best interests of the children involved. We find no prejudicial error in the procedure the trial court followed in reaching its decision.

Affirmed.

Judges VAUGHN and WEBB concur.