ETHEL PLEMMONS AND HUSBAND, FRANK PLEMMONS v. LARRY WILLIE STILES AND WIFE, JUDY HSUIMEI STILES

No. 8230DC1352

(Filed 6 December 1983)

1. **Divorce and Alimony § 23— child custody—jurisdiction properly determined to be in North Carolina**

    In a child custody action instituted by the child's grandmother and step-grandfather, the trial court properly assumed jurisdiction pursuant to either G.S. 50A-3(a)(1) or (2) since the child resided with the plaintiffs for an almost continuous fifteen month period immediately preceding the commencement of the action, and since the child and the plaintiffs in this State have a significant connection with this State. As a proceeding in Texas was not commenced until after custody was awarded to plaintiffs in North Carolina, G.S. 50A-6 was not applicable.

2. **Divorce and Alimony § 25.6— award of custody to grandmother and step-grandfather—no error**

    While the law presumes that the best interest of the child will be served by committing it to the custody of the parent, there was sufficient competent evidence to support an award of custody of the minor child to the plaintiffs who are the grandmother and step-grandfather of the child.

APPEAL by defendant Judy Hsuimei Stiles from *Leatherwood, Judge.* Order entered 22 July 1982 in District Court,

GRAHAM County. Heard in the Court of Appeals 17 November 1983.

On 24 September 1980, plaintiffs instituted this action to obtain custody of Ethel Plemmons' granddaughter, Brenda Mei Stiles, who had been residing with plaintiffs for the previous fifteen months. Subsequently, plaintiffs were awarded temporary custody of the minor child. Upon motion of the defendant Judy Hsuimei Stiles Webb, the custody action was re-heard in July 1982 at which time the court ordered that temporary custody of the minor child remain with plaintiffs. From this order, defendant Judy Hsuimei Stiles Webb (hereinafter "appellant") appealed.

*McKeever, Edwards, Davis and Hays by Herman V. Edwards for plaintiff appellees.*

*Pachnowski & Collins by Joseph A. Pachnowski and Gerald R. Collins, Jr., for defendant appellant.*

HILL, Judge.

The evidence presented at the custody hearing showed the following:

Defendants Judy Hsuimei Stiles and Larry Willie Stiles were married in 1970 in Taiwan. The minor child, Brenda Mei Stiles, was born of this marriage on 27 December 1971. Defendants are now divorced and Judy Stiles has since remarried. Larry Stiles has been living in Cherokee County, N.C., since 1979. Judy Stiles resides in Abilene, Texas, where she has lived since July 1977.

The minor child's residence has been as follows in relevant part: from January 1975 until July 1977, the child lived in Japan with the defendants; from July 1977 until June 1979, the child lived in Abilene, Texas, with the defendants; from June 1979 until 23 August 1980, the child lived with the plaintiffs at defendants' request in Cherokee County, N.C.; from 24 August 1980 until 19 September 1980, the child returned to Texas with defendants as part of their attempted reconciliation; from 20 September 1980 until the court's hearing in July 1982, the child resided with the plaintiffs in North Carolina.

In June 1979, Larry and Judy Stiles requested that the plaintiffs keep the minor child in their home in Cherokee County, N.C.,

to which the plaintiffs agreed. In June 1980, Judy Stiles again requested that plaintiffs keep the child in their home and at that time executed an agreement in which she acknowledged that for the preceding 12 months plaintiffs had the care, custody and control of the minor child, that during such time period the child had resided with the plaintiffs in their home, and that it was her opinion that it would be in the best interest and welfare of the minor child to remain in the care, custody and control of the plaintiffs for at least the next 12 months.

Larry Stiles is an excessive user of alcohol and has indicated his desire that plaintiffs be awarded custody of the minor child. In the past, Judy Stiles worked outside the home to such an extent that she only saw her child approximately two hours a day but since remarrying she has ceased such work.

An abundance of evidence as to the minor child's living conditions and well being while in the care, custody and control of plaintiffs was offered at the hearings. This evidence tended to show that plaintiffs provided the child with a good home, good environment, good recreation, have taken her to religious services regularly, and that a great bond of affection has developed between the child and the plaintiffs. The child has done extremely well in school, is stable and normal emotionally, has many friends her own age in the community, and visits regularly with her father and her two half sisters who live nearby. The child told the court she wished to continue to live with the plaintiffs and that she was happy living with them.

The court found that the minor child and her family had a closer connection with the State of North Carolina than with any other state and that significant evidence concerning the child's care, protection, training and personal relationships was most readily available in this State. The court concluded that North Carolina was the "home state" of the minor child, that it had jurisdiction in this cause, and that it would be in the best interest and welfare of the child to remain in the temporary custody of plaintiffs. Appellant was granted visitation privileges.

[1] Appellant first argues the court erred in assuming jurisdiction over the custody action and that Texas is the State which should have jurisdiction. The relevant provisions of the Uniform Child Custody Jurisdiction Act are as follows:

(a) A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or

. . . .

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence relevant to the child's present or future care, protection, training, and personal relationships; . . . .

G.S. 50A-3(a).

"Home state" is defined as "the state in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months . . . ." G.S. 50A-2(5). A "[p]erson acting as parent" includes a person who has physical custody of a child or claims a right to custody, G.S. 50A-2(8), which includes the plaintiffs in this case.

We hold there was sufficient evidence to support the court's exercise of jurisdiction pursuant to either G.S. 50A-3(a)(1) or (2). The fact the minor child resided with the plaintiffs for an almost continuous 15 month period immediately preceding the commencement of this action is certainly sufficient to qualify North Carolina as the minor child's home state. The child's brief visit to Texas during this time period was not sufficient to prevent such a conclusion.

Furthermore, it is clear the child and the plaintiffs have a significant connection with this state as the plaintiffs and the child's father are North Carolina residents and the child resided in this state for a substantial period of time. Because there was available in this state substantial evidence relevant to the child's present or future care, protection, training, and personal relationships, which evidence was produced at the hearings, the court was also authorized to assume jurisdiction pursuant to G.S. 50A-3(a)(2).

We reject appellant's argument that the court erred in assuming jurisdiction because there was a custody proceeding pending in Texas at the time of the commencement of this action involving these parties. There was not such a proceeding pending in Texas at the time plaintiffs filed their petition for custody; therefore, G.S. 50A-6 was not applicable. Plaintiffs filed their petition on 24 September 1980 and the court signed an order granting custody to plaintiffs the next day. The proceeding in Texas relied upon by appellant was not filed until 26 September 1980.

[2] Next appellant argues the court erred by awarding custody of the minor child to the plaintiffs who are the grandmother and step-grandfather of said child when the evidence failed to establish that appellant was unfit as the child's mother and when the court affirmatively found appellant to be a person of good character and reputation. We disagree.

G.S. 50-13.2(a) provides that the court shall award the custody of a minor child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. While it is true the law presumes that the best interest of a child will be served by committing it to the custody of a parent, when the parent is a suitable person, *In re Hughes,* 254 N.C. 434, 119 S.E. 2d 189 (1961), it has been held that "the welfare of the child is the paramount consideration to which all other factors, including common law preferential rights of the parents, must be deferred or subordinated . . . ." *Griffith v. Griffith,* 240 N.C. 271, 278, 81 S.E. 2d 918, 923 (1954).

The court in child custody cases is vested with broad discretion. The trial judge's decision will not be upset in the absence of a clear showing of abuse of discretion, if the findings are supported by competent evidence. *Sheppard v. Sheppard,* 38 N.C. App. 712, 248 S.E. 2d 871 (1978), *disc. rev. denied,* 296 N.C. 586, 254 S.E. 2d 34 (1979). Furthermore, this court has held that the court's discretion is such that it "is not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person." *In re Kowalzek,* 37 N.C. App. 364, 368, 246 S.E. 2d 45, 47 (1978).

Here the court's findings of fact are supported by competent evidence and there is no evidence of an abuse of discretion. Therefore, the decision of the trial court is

Affirmed.

Judges ARNOLD and BRASWELL concur.