### EUGENE C. BROOKS III v. ALICE M. BROOKS

#### No. 7114DC610

#### (Filed 17 November 1971)

**1. Appeal and Error § 57; Rules of Civil Procedure § 52— review of findings — sufficiency of evidence**

Where the trial court finds the facts, the question of the sufficiency of the evidence to support the findings may be raised on appeal. G.S. 1A-1, Rule 52.

**2. Appeal and Error § 57— findings of fact — appellate review**

The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence contra, or even though some incompetent evidence may also have been submitted.

**3. Divorce and Alimony § 19— increase in alimony — changed circumstances**

The trial court did not err in increasing the amount of permanent alimony payments per month to defendant upon finding substantial changes in the circumstances of defendant. G.S. 50-16.9(a).

**4. Divorce and Alimony § 23— child support — separate designation for each child**

The trial court is not required to designate separately the amount of support payments for each child rather than designating a total amount for all of the children for whom the payments are to be made. G.S. 50-13.4.

**5. Divorce and Alimony § 24; Infants § 9— child custody — discretion of court**

The decision to award custody of a minor is vested in the discretion of the trial judge who has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion.

**6. Divorce and Alimony § 24; Infants § 9; Parent and Child § 6— child custody — father's common law right**

In awarding custody of a minor child, the welfare of the child is the paramount consideration to which all other factors, including the common law preferential rights of the father, must be deferred or subordinated.

**7. Divorce and Alimony § 24; Infants § 9— child custody — wishes of child**

The trial court did not err in awarding custody of a 16-year-old child to his mother, notwithstanding the child expressed a desire to be in the custody of his father, since the child's preference is only a factor for the court to consider and is not controlling.

**8. Divorce and Alimony § 24; Infants § 9— child custody — findings of fact — wishes of the child**

Failure of the court in a custody proceeding to include a finding of fact as to the preference of the child is insufficient to upset its order of award.

APPEAL by plaintiff from an Order of *Moore, District Judge,* filed on 18 March 1971, and from an Order of *Lee, District Judge,* filed 31 March 1971.

Plaintiff instituted this action on 23 January 1969 seeking an absolute divorce from defendant and seeking a determination of custody and support of the three children born of the marriage. Defendant answered seeking permanent alimony, alimony *pendente lite,* custody of the three children, support for the three children, and counsel fees.

The matter came on for initial hearing in the District Court on 8 October 1969 at which time a consent Order was entered requiring plaintiff to make monthly payments of $450.00 for the support of the three children and $150 for permanent alimony. The consent Order further provided that defendant would have custody of the two minor girls, and that the matter of the custody of Eugene Clyde Brooks IV should be left open for future determination. On 9 October 1969 plaintiff was awarded an absolute divorce.

Thereafter the matter remained dormant until 10 December 1970 at which time defendant filed a motion in the cause asking for an increase in the monthly payments of alimony and the monthly payments for support of the children. On 21 December 1970 a hearing was conducted upon defendant's motion by Judge Moore culminating in the Order filed on 18 March 1971. This Order filed 18 March 1971 modified the 8 October 1969 Order to the following extent: required an increase in permanent alimony payments from $150.00 monthly to $250.00 monthly; provided that the support payments for the three children should remain $450.00 per month; required payment by plaintiff of counsel fees to defendant's counsel; and adjudged plaintiff to be in contempt for failure to make payments as required by the 8 October 1969 Order; however, no punishment was prescribed for said contempt.

After the hearing on 21 December 1970, but before entry of the Order resulting therefrom, plaintiff filed a motion in the

cause seeking custody of Eugene Clyde Brooks IV and seeking a specific designation by the Court of the amount of the $450.00 per month custody payment attributed to each of the three children. A hearing was conducted upon plaintiff's motion on 19 March 1971 culminating in an Order filed on 31 March 1971. This Order filed on 31 March 1971 found that both plaintiff and defendant were fit and proper persons to have custody of Eugene Clyde Brooks IV; but, upon a finding that the best interest and welfare of said minor would be served thereby, awarded custody to defendant.

Plaintiff appealed from the Order filed 18 March 1971 and the Order filed 31 March 1971.

*Claude V. Jones for plaintiff.*

*Brogden & Brogden, by Blackwell M. Brogden, for defendant.*

BROCK, Judge.

Plaintiff-appellant brings forward six assignments of error from the Order of Judge Moore filed 18 March 1971 and the Order of Judge Lee filed 31 March 1971.

Plaintiff groups assignments of error Nos. 1, 2, 3, and 5 under the argument in his brief labeled No. 1 which is as follows: "Is Alice M. Brooks entitled to an increase in alimony payments as ordered by the court as per judgment of E. Lawson Moore dated December 21, 1970?"

In assignment of error No. 1, the plaintiff objects and excepts to the Order of Judge Moore dated 21 December 1970, but filed 18 March 1971, claiming that the Order is contrary to the evidence in the record and unsupported by law. In assignment of error No. 2, the plaintiff objects and makes the same attack on the Order of Judge Lee filed 31 March 1971.

[1, 2]  After examining the record and the Orders of both Judge Moore and Judge Lee, these two assignments of error are without merit. It is the rule in North Carolina where the trial court finds the facts that the question of the sufficiency of the evidence to support the findings may be raised on appeal. See G.S. 1A-1, Rule 52 of the Rules of Civil Procedure. It is also a well-established rule in North Carolina that: "The court's findings of fact are conclusive if supported by any competent

evidence, and judgment supported by such findings will be affirmed, even though there is evidence contra, or even though some incompetent evidence may also have been submitted. . . . " 1 Strong, N.C. Index 2d, Appeal and Error, § 57, pp. 223-224. In our opinion the evidence supports the findings of fact and the findings of fact support the Orders entered.

Appellant's assignment of error No. 3 is based on plaintiff's exceptions No. 2, No. 9 and No. 17 which are effectively directed to the Judgment dated 8 October 1969, from which there was no appeal. This assignment of error is feckless.

[3] Plaintiff-appellant's assignment of error No. 5 dealing with the increase in permanent alimony payments per month to the defendant is without merit. G.S. 50-16.9 (a) authorizes a modification of an Order for permanent alimony even though entered by consent. In the Order filed 18 March 1971, Judge Moore found substantial changes in the circumstances of defendant.

[4] In the second argument of the plaintiff's brief, he asserts that the trial court erred in not segregating the support payments for the three children born of the marriage as the plaintiff is entitled to know exactly what amounts of money he is obligated to pay for the support of each of his minor children. He contends that G.S. 50-13.4 makes it mandatory upon the trial judge to allocate support payments for a child and not for the children as a group. We do not agree. G.S. 50-13.4(e) states in part: "In every case in which payment for the support of a minor child is ordered and alimony or alimony pendente lite is also ordered, the order shall separately state and identify each allowance." The allowance to be separated in the order are the support payments for the minor child or children from the amount ordered for alimony or alimony *pendente lite* payments. The law does not require the trial court to designate the amount of support payments for each child; although, such designation may prove helpful to simplify any future adjustments or modifications. The plaintiff complains that he should know and is entitled to know the amount of support for each child in order that he may stop payment once any of his children reach majority. However, this is not a decision for the plaintiff, or one in his circumstances; rather it is a decision for the courts. The plaintiff's relief when this situation occurs is set out in G.S. 50-13.7 (a).

Brooks v. Brooks

The plaintiff's third and last contention is based on assignments of error No. 9 and No. 10. This contention is that the court erred in awarding the legal custody of Eugene C. Brooks IV to the defendant,. Alice M. Brooks, under the facts appearing in the record. The plaintiff maintains that the father of a minor child is its natural guardian and his right of control over the child is superior to that of the mother.

There is no jurisdictional question raised about the court having jurisdiction over the child, Eugene C. Brooks IV. The matter of his custody had been left open. Therefore, G.S. 50-13.2(a) applies. This statute states: "An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child."

[5]   The guiding principle to be used by the court in a custody hearing is the welfare of the child or children involved. While this guiding principle is clear, decision in particular cases is often difficult and necessarily a wide discretion is vested in the trial judge. He has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion. *Greer v. Greer*, 5 N.C. App. 160, 167 S.E. 2d 782 (1969).

[6]   Although at one time under the common law the father was generally entitled to the custody of his minor child or children as the plaintiff contends, this seems today to be a relic of the past. The courts at the present time almost invariably adhere to the principle that the welfare or best interest of the child is the paramount consideration. This was the rule adhered to by our Courts for many years, and is now prescribed by G.S. 50-13.2.

In *Griffith v. Griffith*, 240 N.C. 271, 278, 81 S.E. 2d 918, 923, (1954), our Supreme Court said that "the welfare of the child is the paramount consideration to which all other factors, including common-law preferential rights of the parents, must be deferred or subordinated . . . "

[7]   The plaintiff-appellant further contends that as a matter of law Eugene C. Brooks IV is entitled to have his wishes followed and abided by the court concerning the parent with whom he desires to live and to make his home. The record does

show that Eugene C. Brooks IV, who was 16 years old at that time, desired to be in the custody of his father and that this desire was corroborated by Rev. W. B. Pettaway. However in light of this fact, the awarding of custody of Eugene C. Brooks IV to his mother by the trial court is not error as a matter of law.

When the child has reached the age of discretion, the court may consider the preference or wishes of the child to live with a particular person. *Harris v. Harris,* 115 N.C. 587, 20 S.E. 187. Although the preference of a child of discretion would seem to have its greatest weight when the controversy is between the parents and both are fit persons, the child's wishes are only entitled to consideration and are not controlling. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73.

[8]   In other words, the child's wishes will be one factor considered by the court in determining its custody, usually not because of any legal right in the child to have its wishes granted, but because the consideration of such wishes will aid the court in making a custodial decree which is for the best interests and welfare of the child. Even the failure of the lower court to include a finding as to the preferences of the minor child, as the case at bar, is insufficient to upset its order of award. *Hinkle v. Hinkle, supra.*

In our opinion the findings of fact by Judge Moore and Judge Lee are based upon competent evidence, and are sufficiently detailed to support the two Orders as entered. Both of the Orders appealed from are

Affirmed.

Judges PARKER and GRAHAM concur.