ALTIA LOU COMER v. THOMAS COMER

No. 8225DC318

(Filed 15 March 1983)

**Parent and Child § 6; Infants § 6.3— child custody—award to aunt and uncle rather than to mother**

    The record amply supported the trial court's decision to award custody of an 11-year-old child to its paternal aunt and uncle rather than to its natural mother after the death of the father who had exclusive custody of the child.

APPEAL by petitioner from *Tate, Judge*. Order entered 16 December 1981 in District Court, CALDWELL County. Heard in the Court of Appeals 10 February 1983.

An action for custody of Stephen Comer was instituted on 25 November 1981 by plaintiff, the natural mother of Stephen.

Stephen's natural father, Thomas Comer, had exclusive care, custody and control of Stephen until the father's death on 6 November 1981. During the time when the child was in his natural father's care, custody and control, the child spent a great amount of time in the home of his paternal aunt and uncle. From the date of the father's death until a temporary order gave custody to the plaintiff, the child's custody was assumed by Stephen's paternal aunt and uncle.

At a custody hearing on 16 December 1981, the court heard evidence and found the following facts:

The plaintiff married Robert McRary in October, 1980. Since the marriage to Robert McRary the minor child Stephen Comer has not visited overnight with his mother the plaintiff herein.

Robert McRary has a minor child Bobby McRary who is approximately the same age as the child Stephen Comer who resides with him at the aforementioned address. There exists a very poor relationship between the child Bobby McRary and the minor child Stephen Comer.

The child Stephen Comer testified that he did not feel welcomed within the residence of his mother and Robert McRary and that he very strongly desired to reside with the defendants herein Randall Comer and wife Cleta Comer the paternal uncle and aunt of the child Stephen Comer.

Prior to the death of Thomas Comer the minor child spent virtually everyday [sic] at the residence of Randall Comer and wife Cleta Comer during the summer months of vacation and visited within the home of the defendants herein from three to five times per week during the school year.

There exists between the minor child Stephen Comer and his uncle and aunt Randall Comer and wife Cleta Comer, a very strong relationship as is evidenced by the love and affection that the minor child exhibits for them as well as the love and affection exhibited by the defendants for the minor child.

Due to the veritable dearth of contact between the minor child and his natural mother during the past fourteen

months there is at best a very tenuous relationship existing between them.

Plaintiff is a person of excellent character and reputation within the community. The residence within which the Plaintiff lives is a three bedroom, ranch style, brick home which is "suitable and adequate for the minor child." The Plaintiff has both the means and the ability to provide the necessary monetary support for the minor child.

The defendants Randall Comer and wife Cleta Comer are in all respects fit and proper persons to have the exclusive care, custody, control and supervision of the minor child Stephen Comer and it is in best interest that his custody be placed in and with them.

It is not within the best interest of the minor child that his custody be placed in and with the plaintiff, his natural mother.

The minor child Stephen Comer has within the residence of Randall Comer and wife Cleta Comer his separate and exclusive bedroom which has been furnished from his former bedroom at the residence of his deceased father.

The child is in all respects confortable [sic] within the residence of Randall Comer and wife Cleta Comer and his emotional well-being will be best served by his custody being placed in and with them.

Based on these findings of fact the court made conclusions of law including:

3. The defendants are in all respects fit and proper persons to have the exclusive care, custody, control and supervision of the minor child and it is in his best interests that his custody be placed in and with them.

The court then ordered that custody of the minor child Stephen Comer was "in and with Randall Comer and Cleta Comer."

From the custody order, plaintiff appeals.

*Wilson, Palmer & Cannon by Bruce L. Cannon for the plaintiff.*

*William W. Respess, Jr., for the defendant.*

EAGLES, Judge.

This appeal raises the sole issue of whether the trial judge erred in granting custody of plaintiff's minor child to the child's paternal aunt and uncle upon the death of the child's father. Appellant argues that the custody rights of the biological mother should control and the wishes of the eleven year, eleven month old child should not govern.

G.S. 50-13.2(a) sets the standard for awarding custody of a minor child as follows:

> An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. An order awarding custody must contain findings of fact which support the determination by the judge of the best interest of the child.

*Brooks v. Brooks*, 12 N.C. App. 626, 184 S.E. 2d 417 (1971) stated that:

> The guiding principle to be used by the court in a custody hearing is the welfare of the child or children involved. While this guiding principle is clear, decision in particular cases is often difficult and necessarily a wide discretion is vested in the trial judge. He has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion.

*Id.* at 630, 184 S.E. 2d at 420.

Where one parent is dead, the surviving parent has a natural and legal right to custody and control of their minor children. This right is not absolute, but it may be interfered with or denied "only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it." *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E. 2d 759, 761 (1955).

The Supreme Court has dealt with the traditional preference for biological parents thus:

[T]he welfare of the child is the paramount consideration to which all other factors, including common-law preferential rights of the parents must be deferred or subordinated. . .

*Griffith v. Griffith*, 240 N.C. 271, 278, 81 S.E. 2d 918, 923 (1954).

Furthermore, our court has held that the trial judge's discretion is such that he is "not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person." *In re Kowalzek*, 37 N.C. App. 364, 368, 246 S.E. 2d 45, 47 (1978).

The trial court's order includes the determination that the award of custody of the child to defendants "is in his best interests," that the child's "emotional well being will best be served by his custody being placed in and with them," and that "it is not in the best interests of the minor child that his custody be placed in and with the plaintiff, his natural mother."

The trial court in child custody cases is vested with broad discretion. The trial judge's decision will not be upset in the absence of a clear abuse of discretion, if the findings are supported by competent evidence. *Sheppard v. Sheppard*, 38 N.C. App. 712, 248 S.E. 2d 871 (1978).

Here the court's decision is amply supported by the record. It is clear that the court carefully considered all the evidence, including the desires of the child, and found that the best interests of the child were best served by custody being awarded to the child's paternal aunt and uncle. There is no evidence of an abuse of discretion. Therefore, the decision of the trial court is

Affirmed.

Judges HEDRICK and JOHNSON concur.