IN THE MATTER OF DANA RENEE JONES

No. 8221DC476

(Filed 3 May 1983)

1. **Infants § 6.7— award of visitation rights to grandparents—proper**

   Petitioner failed to carry her burden of showing that circumstances had changed since an order was made which set visitation rights of the maternal grandparents, and the trial court properly upheld the grandparents' visitation rights. G.S. 50-13.5(j).

2. **Infants § 6.2— court's jurisdiction in custody case continuous**

   A finding or conclusion that the trial court retained jurisdiction in a child custody case was unnecessary since that fact is inherent in an order denying a change in visitation rights.

APPEAL by petitioner from *Alexander, Judge.* Judgment entered 19 April 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 15 March 1983.

This appeal results from the dismissal of the petitioner's motion to have actual and legal custody of her daughter returned to her, to quash prior orders giving the child's grandparents certain visitation rights, and to have the child declared not to be a dependent juvenile.

Denise J. Williams, the petitioner here, is the mother of Dana Renee Jones, who was born on 12 February 1973. With Williams' consent, Jones was placed in the legal custody of her maternal grandparents, Mr. and Mrs. Matthew Vance Cummings, on 15 Jan-

uary 1975. Jones had been declared a dependent child in a 9 December 1974 order.

On 1 October 1976, an order was entered granting Williams certain visitation privileges even though custody would remain with the grandparents. The Cummings voluntarily returned Jones to the actual custody of Williams in February, 1978. The child has resided with her mother since that time.

The petitioner married her present husband in April, 1981. On 24 July 1981, an order was entered awarding actual custody of the child to the petitioner, with legal custody to be effective on 16 December 1981. That order also gave the grandparents "liberal rights of visitation." An order dated 1 October 1981 defined the times for visitation by the grandparents.

A hearing was held on 16 December 1982 on the motion by the petitioner that is the subject of this case. An order was entered on 19 April 1982 that upheld the visitation rights of the grandparents. From that order, the petitioner appealed.

*Davis & Harwell, by Fred R. Harwell, Jr., for the petitioner-appellant.*

*White & Crumpler, by David R. Crawford, for the respondent-appellees.*

ARNOLD, Judge.

[1] The primary issue on this appeal is the visitation rights of the maternal grandparents. Its resolution depends on an application of the provisions of G.S. 50, not G.S. 7A as the petitioner contends. The provisions of G.S. 7A that are cited by the petitioner are part of subchapter XI, which is the North Carolina Juvenile Code. Those statutes do not govern the facts before us.

G.S. 50-13.5(j), which was added by 1981 N.C. Sess. Laws C. 735 s. 3, states:

In any action in which the custody of a minor child has been determined, upon a motion in the cause and a show of changed circumstances pursuant to G.S. 50-13.7, the grandparents of the child are entitled to such custody or visitation rights as the court, in its discretion, deems appropriate.

G.S. 50-13.7(a) provides: "[A]n order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." The Supreme Court in *Clark v. Clark*, 294 N.C. 554, 576, 243 S.E. 2d 129, 142 (1978), held that the word "custody" as used in G.S. 50-13.7 "was intended to encompass visitation rights as well as general custody."

Thus, before an order providing visitation for grandparents of a minor child may be modified, the party seeking modification must show changed circumstances and an abuse of discretion by the trial judge. The petitioner here has not shown either one.

The guiding principle in a custody dispute and therefore, in a visitation order, is the child's best interest. 3 R. Lee, N.C. Family Law § 224 (4th ed. 1981) and cases cited therein. This is in accord with recent cases nationwide. Annot., 90 A.L.R. 3d 222, 225-26 (1979).

"[I]t is generally agreed that visitation rights should not be permitted to jeopardize a child's welfare." *Swicegood v. Swicegood*, 270 N.C. 278, 282, 154 S.E. 2d 324, 327 (1967). To support an award of visitation rights, the trial court judgment "should contain findings of fact which sustain the conclusions of law that a party is a fit person to visit the child and that such visitation rights are in the best interest of the child." *Montgomery v. Montgomery*, 32 N.C. App. 154, 157, 231 S.E. 2d 26, 29 (1977).

Applying these principles and the statutes cited to these facts, we can find no error in what the trial judge did. The petitioner did not carry her burden of showing that circumstances have changed since the 1 October 1981 order, which set the visitation rights of the grandparents.

The child continues to live with her mother and her present husband. The mother has legal and actual custody of the child. The petitioner has not shown that the grandparents have become unfit to care for the child during the time that they will have her.

Although there is a communication problem between the petitioner and her parents, who are the child's grandparents, there has not been a sufficient showing that this constitutes changed circumstances or is detrimental to the child. Before a

custody and thus, a visitation, order will be modified, there must be "a substantial change of condition affecting the child's welfare. . . ." *Tucker v. Tucker*, 288 N.C. 81, 87, 216 S.E. 2d 1, 5 (1975); *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E. 2d 678, 681 (1974). A sufficient showing has not been made here by the petitioner.

[2] The petitioner's other argument attacks the failure of the trial judge to rule on the child's juvenile dependent status and termination of the court's jurisdiction.

Under G.S. 1A-1, Rule 52(a)(1), the trial judge is required to "find the facts specially and state separately . . . [his] conclusions of law thereon and direct the entry of the appropriate judgment." *See Coggins v. City of Asheville*, 278 N.C. 428, 434, 180 S.E. 2d 149, 153 (1971). The purpose of this requirement "is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980).

Our examination of the order here reveals that the trial judge acted properly under the rule. First, it was unnecessary to rule on the child's status as a dependent juvenile under G.S. 7A-517(13) because the petitioner has custody and the child has resided with her since 1978.

Second, the jurisdiction of courts in custody and thus, visitation, cases is continuous. A decree "determines only the present rights with respect to such custody and is subject to judicial alteration or modification upon a change of circumstances affecting the welfare of the child." 3 R. Lee, *supra*, at § 226 and cases cited therein. A finding or conclusion that the court retained jurisdiction was unnecessary since that fact is inherent in an order like the one before us.

Because we find that the trial judge properly granted the respondents' motion to dismiss, we affirm his order.

Affirmed.

Judges BECTON and PHILLIPS concur.