PAULA L. PHILLIPS AND AGNES R. LOTT v. JOHN CHOPLIN

No. 8320DC72

(Filed 20 December 1983)

1. **Divorce and Alimony § 25.6— child custody—award to grandmother rather than to father**

     The trial court did not abuse its discretion in awarding custody of two minor children to their maternal grandmother rather than their father even though the court found the father to be a fit and proper person to have custody of the children. G.S. 50-13.2(a).

2. **Divorce and Alimony § 24.7— child support—modification for changed circumstances**

     The trial court did not err in increasing defendant father's child support payments from $100.00 to $200.00 per month on the basis of changed circumstances, although the court found that the needs of the children were not as great as when the original support order was entered, where the prior support payments were not adequate to meet the needs of the children as found by the court, and where the evidence showed that defendant's income has increased because he has taken a part-time job and that debts from his prior marriage have been paid off since the time of the original support order.

APPEAL by defendant from *Honeycutt, Judge.* Orders entered 7 September 1982 in District Court, RICHMOND County. Heard in the Court of Appeals 8 December 1983.

This is a civil action wherein the defendant filed a motion in the cause seeking a change of custody of the children born of his marriage with Paula L. Phillips. Agnes R. Lott, the children's maternal grandmother, was added as a party plaintiff pursuant to Rule 19, North Carolina Rules of Civil Procedure. Plaintiffs then filed a motion in the cause praying that the custody of the children be placed either with Mrs. Lott or with Mrs. Lott and Mrs. Phillips jointly.

From the entry of an order granting custody of the children to Mrs. Lott and increasing defendant's child support payments from one hundred to two hundred dollars per month, defendant appealed.

*Webb, Lee, Davis, Gibson & Webb, by Norman T. Gibson, for the plaintiffs, appellees.*

*David B. Hough, for the defendant, appellant.*

HEDRICK, Judge.

On 12 December 1977, plaintiff Phillips (then Choplin) filed suit against defendant seeking *inter alia* custody of the minor children born of their marriage and support for those children. A consent order was entered on 9 January 1978 whereby Phillips was awarded custody of the children, and defendant was granted visitation rights and ordered to pay $80 per month support. In January 1979 Choplin's support obligations were increased to $100 per month. In the summer of 1979, Phillips gave her parents, Mrs. Agnes Lott, and the late Mr. Lott, physical custody of the children. Physical custody has remained with Mrs. Lott since that time. Defendant has met his support obligations, and fully exercised his visitation rights during this time period. On 25 February 1982, defendant filed this motion in the cause seeking custody of the children. Plaintiffs filed cross motions. A hearing was conducted on these motions and the court entered an order which contained the following pertinent findings of fact:

. . .

3. That in the summer of 1979, Paula L. Choplin (now Phillips) with the full knowledge of the defendant John Choplin placed the two children with her mother, Agnes R. Lott, maternal grandmother of the boys. That the two boys have lived with Agnes R. Lott since then. That Ian Choplin is 8 years old, and John Paul Choplin is 9 years old.

4. That since the summer of 1979, Agnes R. Lott has provided the necessary care, supervision, and training for said children and she has helped financially support the said two children.

5. That the plaintiff Paula L. Choplin (now Phillips) has not contributed regularly to the support of said children, but has bought clothes for the children when she has been financially able. That the defendant has regularly paid $100 per month child support as ordered.

6. That since the summer of 1979, Agnes R. Lott has seen that the boys attend school regularly, provided after school recreation for them at the Playhouse Day Care Center for approximately an hour each day, and has sent them to Day Camp each summer where they have enjoyed recreation-

al programs of baseball, swimming, football, bowling, skating and arts and crafts, including drawing.

7. That the defendant and the plaintiff Paula L. Choplin (now Phillips) acquiesced in and did nothing to change how their children were being cared for, nor offered to assist additionally in the care of said children, nor offered to take the boys to live with them until defendant filed his present motion for custody.

8. That Agnes R. Lott is in excellent health, very active physically in that she she [sic] does her own housework, does all the family cooking, cleaning and washing of clothes for herself and the boys, and mows her own yard with a push mower. That Agnes R. Lott is retired from her former employment in the Western Auto Store in Rockingham, and has all of her time available to care for the needs of the boys. That Agnes R. Lott lives in a nice, comfortable two bedroom home in Hamlet, North Carolina. That an additional room can be readily converted to another bedroom if the boys desire separate rooms. That there is one child available to play with the boys in the neighborhood; however, the boys have about five good friends in the after-school day care and Summer Day Camp, which is located across from Fairview Heights School in Hamlet, North Carolina, which the boys attend. That the boys attend said after school center and Summer Day Camp along with 40 to 50 other children of their age group.

9. That John Choplin has remarried, is employed by the State of North Carolina, and travels 14 counties in North Carolina in his work with the North Carolina Department of Natural Resources inspecting wells. That his present wife owns a nice home in Winston-Salem in a neighborhood in which there are about ten children, and that the defendant's present wife has two boys that she does not have custody of as a result of her consent agreement. That John Choplin's present wife is employed.

10. That the boys, Ian C. Choplin and John Paul Choplin, II, are happy and well cared for in their home with the grandmother, Agnes R. Lott, are doing well in school, and

distinctly prefer to continue to live with their grandmother in Hamlet, North Carolina.

11. That the plaintiff Agnes R. Lott spends on the average about $300 a month for food, clothing, school supplies, Summer Day Camp, and after school care, and other necessities for the boys.

12. That the defendant makes $1,524 per month gross wages with the State of North Carolina, and earns an additional net figure of $25 to $60 per week working part-time at the Tender Box as a salesclerk at Haines Mall in Winston-Salem. That the defendant has a net monthly income from the State of North Carolina after deductions of $851.00; however, he pays $100 a month into a savings account at the credit union which said $100 is deducted from his check. That he has no unusual monthly expenses except the usual utilities and expenses.

13. Until recently, when the defendant filed his motion for a change of custody, he had never called Agnes R. Lott (since the summer of 1979) to inquire about the health or progress of the children, although he has visited them regularly at his parents' home in Rockingham, North Carolina. That the boys were being picked up for visitation by defendant's parents. That Agnes R. Lott hasn't contacted the defendant about the health or progress of the children during that time either.

14. That Paula L. Phillips is presently employed and able to pay $100.00 a month child support.

15. That the delegation of the care and leaving of the two boys by their parents with Agnes R. Lott and the tacit understanding, agreement and consent that she keep the children are unusual circumstances and facts warranting a modification of the prior order so as to grant Agnes R. Lott custody.

16. That the defendant has failed to prove a change of circumstances sufficient to warrant an award of custody of the boys to himself, thereby modifying the prior order.

17. That as to the matter of child support, there has been a material and substantial change of conditions and that

the best interests, welfare and reasonable needs of the minor children would be served by the plaintiff, Paula L. Phillips paying the sum of $100 per month as child support and the defendant paying the sum of $200 a month child support. That $300 per month is necessary to meet the reasonable needs of the boys for their education and maintenance.

Based upon these findings of fact the court made the following relevant conclusions of law:

. . .

2. Considering the care and attention presently being received by the children at the home of Agnes R. Lott and the care and attention that they have received there during the past three and one-half years, and considering the tacit understanding and the leaving of the children with Agnes R. Lott, that this constitutes an unusual set of circumstances warranting the granting of custody to Agnes R. Lott.

3. That all of the parties are suitable and proper persons to have custody of and visitation with the two boys, but that the best interests and welfare of the boys would be served and promoted by granting custody to Agnes R. Lott, their grandmother, under the unusual facts and all of the circumstances of this case.

4. That the boys have reasonable needs of $300 a month for their support to provided [sic] for their health, education and maintenance, and that their natural parents are able to provide said sum from their earnings. That the defendant is able to pay $200 a month toward the support of the boys and Paula L. Choplin Phillips is able to pay $100 a month toward the support of the boys.

Consistent with these conclusions, the court granted Agnes R. Lott full care, custody and control of the minor children, and ordered defendant to pay $200 per month child support.

[1] Defendant first contends that the court erred "in failing to award the custody of the two children in question to their father and in awarding the custody instead to the grandmother, when the father was found by the court to be a fit and proper person to have the custody of the said children." N.C. Gen. Stat. Sec. 50-13.2(a) in pertinent part states:

An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. An order awarding custody must contain findings of fact which support the determination by the judge of the best interest of the child. . . .

It is a well established principle "that the natural parent is presumed to be the appropriate custodian of his or her child as opposed to third persons . . . ;" however, "[i]t is entirely possible that a natural parent may be a fit and proper person to care for the child but that all other circumstances dictate that the best interests of the child would be served by placing custody in a third party." *In re Kowalzek*, 37 N.C. App. 364, 367, 368, 246 S.E. 2d 45, 47, *disc. rev. denied and appeal dismissed*, 295 N.C. 734, 248 S.E. 2d 863 (1978). The trial judge is vested with broad discretion in child custody cases. The "paramount consideration" which limits this discretion is the welfare and needs of the children. *In re Peal*, 305 N.C. 640, 290 S.E. 2d 664 (1982).

The court found as a fact and concluded as a matter of law that the best interests of the children would be served by placing them with their grandmother, Mrs. Lott. A trial judge's decision will not be upset in the absence of a clear abuse of discretion if the findings are supported by competent evidence. *Comer v. Comer*, 61 N.C. App. 324, 300 S.E. 2d 457 (1983); *Sheppard v. Sheppard*, 38 N.C. App. 712, 248 S.E. 2d 871 (1978), *disc. rev. denied*, 296 N.C. 586, 254 S.E. 2d 34 (1979). The court's findings of fact and conclusions are clearly supported by evidence in the record. There is no evidence of an abuse of discretion. It is clear that the court considered all the evidence presented, including the desires of the children to live with their grandmother, and found that the best interests of the children would be served by awarding custody to Mrs. Lott. We are, therefore, compelled to find that the assignments of error are without merit.

Defendant next argues that the court's findings of fact Nos. 3, 4, 7 and 13 were not supported by competent evidence, and that the court committed reversible error by reaching conclusions of law based upon these findings. A court's findings of fact as to the care and custody of children will not be disturbed when sup-

ported by competent evidence, even if there is conflicting evidence. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). We have carefully reviewed the transcript and the record, and we find competent evidence to support each of the findings of fact to which defendant objects. The assignment of error is overruled.

[2] Defendant finally contends that the court erred "by allowing the plaintiff Lott's motion for an increase in child support to be paid by the defendant, when plaintiff Lott had failed to sustain her burden of establishing a substantial change in circumstances which would warrant a modification of the court's previous order." N.C. Gen. Stat. Sec. 50-13.7 in pertinent part provides: "An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." The court found as a fact that "there has been a material and substantial change of conditions and that the best interests, welfare and reasonable needs of the minor children would be served by . . . the defendant paying the sum of $200 a month child support." This finding of fact is supported by evidence in the record that defendant's income has increased because he has taken a part-time job which pays him between $100 and $224 per month, and by evidence that debts from his prior marriage have been paid off and he is no longer required to make those payments as he was when the amount of the support obligations were originally set. Even though the court found that the children's needs were not as great as they were when the prior decrees were entered, the court did not abuse its discretion in ordering defendant to pay increased support, because the prior support payments were not adequate to meet the needs of the children as now found by the court. Defendant does not object to the court's findings regarding the needs of the children. The ultimate objective in support matters is to secure support commensurate with the needs of the children and the ability of the father to meet the needs. *Crosby v. Crosby*, 272 N.C. 235, 237, 158 S.E. 2d 77, 79 (1967). The court by its findings, conclusions and order attempts to obtain this objective. The evidence supports the findings, the findings support the conclusions, and the conclusions support the judgment. The assignment of error is, therefore, overruled.

Affirmed.

Judges BRASWELL and EAGLES concur.