DARLENE WONCIK v. EDWARD DANIEL WONCIK

No. 8620DC119

(Filed 5 August 1986)

1. **Divorce and Alimony § 25.9— child custody—changed circumstances—credibility of parties—sufficiency of evidence**

   Evidence in a child custody proceeding was sufficient to support the trial court's findings with regard to changed circumstances, though the evidence was based largely on an evaluation of the credibility of each parent.

2. **Divorce and Alimony §§ 25.7, 27.12— interference with visitation rights—effect on child's welfare—changed circumstances**

   Interference with visitation of the noncustodial parent which has a negative impact on the welfare of the child can constitute a substantial change of circumstances sufficient to warrant a change of custody.

**3. Divorce and Alimony § 25.7— child custody—testimony by child psychiatrist proper**

The trial court did not err in allowing a child psychiatrist to testify as an expert witness at a child custody hearing even though plaintiff argued that the psychiatrist examined the child for only about an hour on one occasion in preparation for litigation since that factor went to the weight to be given the testimony and not its admissibility, and even though plaintiff contended that the psychiatrist was asked hypothetical questions not specifically related to the child and which assumed facts not yet in evidence since the psychiatrist testified first at the hearing because of scheduling problems and the questions asked assumed facts which were later put into evidence; furthermore, plaintiff was not prejudiced since the trial judge made no reference to the psychiatrist's testimony in his order, and it could be presumed that the testimony played no role in his decision.

**4. Divorce and Alimony § 25.12— child custody—mother's alienation of child's affection for father—mother's visitation rights properly limited**

Where the trial judge had ample evidence before him to justify a conclusion that plaintiff had purposefully engaged in a course of conduct designed to alienate the child's affections for his father and that these actions were detrimental to the child's welfare, the court could properly fashion an order giving the father custody and allowing him to terminate the mother's visitation rights, pending a court hearing, should she engage in any such detrimental conduct or should she allow anyone else to do so.

APPEAL by plaintiff from *Huffman, Judge.* Orders entered 22 July and 5 September 1985 in District Court, RICHMOND County. Heard in the Court of Appeals 11 June 1986.

The parties to this appeal were married on 31 May 1975. On 3 January 1983 the parties separated, and on 22 March 1983 a consent order was entered awarding custody of the sole child of the marriage, Edward Daniel Woncik, Jr., to plaintiff-wife. At the time of the separation, both parties maintained residences in Rockingham, and the custody and visitation arrangement worked smoothly for a while. The parties thereafter were divorced. Then, plaintiff remarried and her new husband lost his job at a health spa in Rutherfordton. He got a job with a spa in Charlottesville, Virginia and he, plaintiff and the child moved there. Soon, he had lost that job, too, and they moved to Savannah, Georgia for a job at another health spa.

Meanwhile, defendant's company had transferred him to Pennsylvania, although he still often was needed in Rockingham and maintained an apartment there. These circumstances led to many problems in arranging visitation. Defendant still wanted to

exercise the same visitation privileges he always had, despite the distance. He willingly juggled his schedule, paid for airline tickets and motel rooms and traveled a great deal to exercise his visitation rights.

In January 1985, defendant filed a motion in the cause seeking custody of his son. Defendant alleged that plaintiff's husband was unfit as a custodian for his son; that plaintiff and her husband had deliberately attempted to poison the child's mind against him; that plaintiff had willfully interfered with defendant's visitation rights; and that the child was being harmed by the actions of plaintiff and her husband. After contesting the jurisdiction of the North Carolina courts, and losing, plaintiff answered, denying the allegations of defendant's motion. A hearing was held on 6 May 1985 before Judge Huffman. On 22 July, Judge Huffman entered an order changing custody of the child from his mother to his father. In that order, the mother was granted the same visitation privileges the father had previously, but the order provided that those privileges would be terminated if she or her husband did or said "anything either intended to, or likely to, discredit or diminish the other party in the eyes of the child." On 5 September, defendant appeared before Judge Huffman seeking an order terminating plaintiff's visitation privileges alleging that plaintiff had refused to return the child to him after a regularly scheduled visit. Between July 22 and September 5, plaintiff had instituted a separate proceeding in Georgia seeking to enjoin removal of the child from Georgia. This proceeding was resolved against plaintiff. Judge Huffman entered an *ex parte* order terminating plaintiff's visitation privileges, pending a hearing. That hearing was held on 26 February 1986 and the visitation privileges were restored.

Plaintiff appeals both the 22 July order changing custody and the 5 September order terminating her visitation privileges.

*Howard, Howard, Morelock and From, P.A., by Robert E. Howard and John N. Hutson, Jr., for plaintiff-appellant.*

*Sharpe and Buckner by Richard G. Buckner for defendant-appellee.*

PARKER, Judge.

In any action concerning custody of the minor children of a marriage which has ended in divorce, the courts are to give paramount consideration to the best interests of the child. G.S. 50-13.2. *See also, e.g., Wilson v. Williams,* 42 N.C. App. 348, 256 S.E. 2d 516 (1979). The trial judge is vested with broad discretion in child custody cases, and that discretion must be exercised to serve the welfare and needs of the children. *Phillips v. Choplin,* 65 N.C. App. 506, 309 S.E. 2d 716 (1983). The decision of the trial judge regarding custody will not be upset on appeal absent a clear showing of abuse of discretion, provided that the decision is based on proper findings of fact supported by competent evidence. *Comer v. Comer,* 61 N.C. App. 324, 300 S.E. 2d 457 (1983).

When the parties have entered into a consent order providing for the custody and support of their children, any modification of that order must be based upon a showing of a substantial change in circumstances affecting the welfare of the child. *Harris v. Harris,* 56 N.C. App. 122, 286 S.E. 2d 859 (1982). The party moving for the modification of custody bears the burden of showing such a change in circumstances. *Id.*

In this case, the trial judge made the following key findings of fact as to changed circumstances:

8. After plaintiff met her present husband, problems began to develop with visitation. These problems were caused by the plaintiff's actions. These actions would have frustrated the visitation except for defendant's determination to maintain a relationship with the child. These acts have had the tendency to place the child in the middle of his parents' disputes. This is not in the best interest of the child . . . .

9. After plaintiff married her present husband she began to engage in a course of conduct, along with her husband, that tended to reduce the status of the defendant in the eyes of the child . . . . These types of behavior are not in the best interest of the child.

The judge listed examples of plaintiff's actions following each finding.

[1] Plaintiff's principal challenges to these findings and to the order based thereon, is that they are unsupported by the evi-

dence. However, as is true in most child custody cases, the determination of the evidence is based largely on an evaluation of the credibility of each parent. *See Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). Credibility of the witnesses is for the trial judge to determine, *id.,* and findings based on competent evidence are conclusive on appeal, even if there is evidence to the contrary. *Id.* Here, each parent testified to his or her version of the events which led to the above crucial findings of fact. The fact that the trial judge believed one party's testimony over that of the other and made findings in accordance with that testimony does not provide a basis for reversal in this Court. The findings are based largely on defendant's competent, and apparently credible, testimony and are thus binding on this Court. *Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974).

Plaintiff next asserts that, even if proper, the findings do not warrant the conclusion that there has been a substantial change of circumstances affecting the welfare of the child. Specifically, she contends that the trial judge was, in reality, attempting to punish her for actions interfering with visitation privileges, normally punishable by contempt of court.

Child custody cannot be used as a tool to punish an uncooperative parent. *See Lee v. Lee,* 37 N.C. App. 371, 246 S.E. 2d 49 (1978). Standing alone, such interference would normally only warrant a contempt citation. However, where, as here, such interference becomes so pervasive as to harm the child's close relationship with the noncustodial parent, there can be a conclusion drawn that the actions of the custodial parent show a disregard for the best interests of the child, warranting a change of custody.

[2] Some courts have held that interference with court-ordered visitation shows a lack of respect for judicial authority, calling into question the fitness of the custodial parent. *See, e.g., Garrett v. Garrett,* 464 S.W. 2d 74 (Mo. App. 1971). *See also* 28 A.L.R. 4th 9 (1984), and cases cited therein. Under this theory, such interference alone is enough to warrant a change of custody, even without a showing of harm to the child, provided that the parent seeking custody is a fit and proper person to have custody. We are not prepared to adopt that far-reaching position. In this case, the evidence shows both interference with visitation rights as

well as conduct undertaken deliberately to belittle the defendant in the mind of his child. The trial court made the specific conclusion, supported by the proper findings of fact, that these actions of the plaintiff affected the welfare of the child. Because the welfare of the child is the paramount concern in custody cases, *see In re Peal*, 305 N.C. 640, 290 S.E. 2d 664 (1982), interference with visitation of the noncustodial parent which has a negative impact on the welfare of the child can constitute a substantial change of circumstances sufficient to warrant a change of custody.

[3] Plaintiff's next assignment of error is that the trial judge erred in allowing Dr. Herman Staples, a child psychiatrist, to testify as an expert witness at the custody hearing. Plaintiff argues that Dr. Staples examined Eddie Woncik for only about an hour on one occasion in preparation for litigation. However, these factors go to the weight to be given Dr. Staples' testimony, not its admissibility. Plaintiff also contends that the trial judge allowed defendant's attorney to improperly examine Dr. Staples by asking hypothetical questions not specifically related to Eddie and which assumed facts not yet in evidence. By consent of the parties, Dr. Staples testified first at the hearing because of scheduling problems. Questions were asked which assumed facts which were later put into evidence by defendant. Assuming *arguendo* that there was error, we fail to see the prejudice to plaintiff from this procedure, especially since the trial judge made no reference to Dr. Staples' testimony in his order; thus, we may presume that the testimony played no role in his decision. *See Pritchard v. Pritchard*, 45 N.C. App. 189, 262 S.E. 2d 836 (1980). The rule is that a trial judge sitting without a jury is presumed to have considered only the competent, admissible evidence and to have disregarded any inadmissible evidence that may have been admitted. *City of Statesville v. Bowles*, 278 N.C. 497, 180 S.E. 2d 111 (1971). The assignment of error is overruled.

[4] Plaintiff also assigns error to the *ex parte* order of 5 September 1985, terminating her visitation privileges pending a hearing. The hearing was held on 19 February 1986 at which time, plaintiff's visitation privileges were restored. The appeal from the 5 September order is, therefore, moot. However, plaintiff asserts that the provisions of the July custody order which empowered the judge to enter the 5 September order violate her

due process rights and should be stricken from the order. The custody order provides:

> Each of the parties is specifically directed not to do or say anything either intended to, or likely to, discredit or diminish the other party in the eyes of the child and each of the parties is specifically directed not to permit any other person to do or say anything in the presence or in the hearing of the minor child intended to, or likely to, discredit or diminish the other party in the eyes of the child.

> Should the plaintiff engage in any such conduct, or should she permit any other person to engage in any such conduct, the defendant is directed to forthwith terminate the plaintiff's visitation privileges with the minor child and to report the matter to this Court and plaintiff's visitation privileges shall be terminated pending a hearing for the plaintiff to show why she should not be adjudged in willful contempt of this Order.

The court has wide discretion to fashion an order which will best serve the interests of the child. *In re Jones*, 62 N.C. App. 103, 302 S.E. 2d 259 (1983). While a noncustodial parent has a right to reasonable visitation, that right is limited to avoid jeopardizing the child's welfare. G.S. 50-13.5(i); *Jones, supra.* The trial judge had ample evidence before him to justify a conclusion that plaintiff had purposefully engaged in a course of conduct designed to alienate the child's affections for his father, and that these actions were detrimental to the child's welfare.

Plaintiff, relying on *In re Stancil*, 10 N.C. App. 545, 179 S.E. 2d 844 (1971), further argues that the order is an impermissible delegation of judicial authority. The order under scrutiny in this case is, in our view, distinguishable from that in *Stancil* for the reason that the trial judge in *Stancil* left the time and length of visitation in the discretion of the custodial grandmother. In the instant case, the order is specific as to the time and duration of the noncustodial parent's visitations. The provision directing termination of the visitation privilege, pending a court hearing, applies only on the happening of a certain condition and is designed to prevent a situation detrimental to the child's welfare from becoming more harmful before a court hearing can be scheduled. The judge did not abuse his discretion in fashioning an order

Atlantic Ins. & Realty Co. v. Davidson

designed to prevent further harm to the child from this type behavior. The assignment of error is overruled.

The order appealed from is

Affirmed.

Judges ARNOLD and EAGLES concur.