An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-211

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:

K.H., G.B. and J.S.                    Guilford County
                                       Nos. 12 JA 42-44


Appeal by respondent-mother from orders entered 28 January and 8 October 2013 by Judge Michelle Fletcher in Guilford County District Court. Heard in the Court of Appeals 28 July 2014.

> *Mercedes O. Chut for petitioner-appellee Guilford County Department of Social Services.*
>
> *Peter Wood for respondent-appellant mother.*
>
> *Smith, James, Rowlett & Cohen, LLP, by Margaret F. Rowlett, for the guardian ad litem.*


DILLON, Judge.


Respondent mother appeals from orders adjudicating her minor children, K.H. ("Kevin"), G.B. ("Glenda"), and J.S. ("Jack"), to be neglected juveniles and Kevin to also be an abused juvenile.[1] We affirm.

---

[1] Pseudonyms are used to protect the children's identities and

On 19 April 2012, the Guilford County Department of Social Services ("DSS") filed petitions alleging Kevin was an abused and neglected juvenile and that Glenda and Jack were neglected juveniles. DSS assumed non-secure custody of Kevin, and Glenda and Jack were placed with their father.

After a hearing on 17 December 2012, the trial court entered an adjudicatory order concluding that Kevin was an abused juvenile and all three children were neglected juveniles. All three children were subsequently placed with relatives. On 8 October 2013, the court entered its dispositional order, placing visitation and other conditions on respondent parents. Respondent mother filed notice of appeal from both the adjudicatory and dispositional orders.

_____

Respondent mother makes no argument regarding the trial court's adjudicatory order and only makes arguments concerning two of the conditions contained in the disposition order.

First, respondent mother argues that the trial court abused its discretion in setting forth the conditions of visitation between her and the children. She contends the visitation

_____

for ease of reading. The respondent fathers of the children are not parties to this appeal.

provisions are impermissibly vague and unlawfully delegate the trial court's authority. We disagree.

Where a court awards "visitation to a parent, the order must include an appropriate visitation plan that sets out at least a minimum outline, such as the time, place, and conditions under which visitation may be exercised." *In re W.V.*, 204 N.C. App. 290, 294, 693 S.E.2d 383, 387 (2010) (citation omitted). A court's decisions on visitation are reviewed for an abuse of discretion. *Id.* "An abuse of discretion occurs when a trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *Chicora Country Club v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997) (citation and quotation marks omitted), *disc. rev. denied*, 347 N.C. 670, 500 S.E.2d 84 (1998).

Here, the trial court's order provides:

> Visitation between the mother, [K.S.], and the juveniles shall be supervised by the Guilford County Department of Social Services or its designee. The visits shall occur at the Guilford County Department of Social Services on Mondays from 3:30 p.m. until 4:30 p.m. or at other days and times as agreed to by the parties.

Respondent mother contends that this provision (1) is unlawfully vague because it allows for other conditions of visitation upon agreement of the parties, and (2) impermissibly delegates the

court's authority to the parties. However, we believe that allowing mutually agreed-upon modifications to the visitation schedule in this case does not render the trial court's order vague, as the order specifies the day, time, and place for the visitation and thus provides the minimum outline of visitation required by law. *See In re W.V.*, 204 N.C. App. at 294, 693 S.E.2d at 387. The option to modify the specific provisions of visitation may only be exercised upon the agreement of all parties, and, without respondent mother's agreement, no change to the visitation provisions may occur. Similarly, so long as the order provides for the minimum outline required by law, a trial court's authorization of parties to modify the visitation order does not constitute an impermissible delegation of the court's authority. *See*, *e.g.*, *Woncik v. Woncik*, 82 N.C. App. 244, 250, 346 S.E.2d 277, 280-81 (1986). Accordingly, we hold the trial court did not abuse its discretion in setting forth the provisions of respondent mother's visitation with her children.

Respondent mother also argues the provision in the trial court's order directing her to refrain from making negative and derogatory comments in front of the children is impermissibly

vague and unlawfully delegates the trial court's authority to DSS.  Again, we disagree.

Following an adjudication of abuse, neglect, or dependency, the trial court conducts a dispositional hearing to "design an appropriate plan to meet the needs of the juvenile . . . ." N.C. Gen. Stat. § 7B-900 (2013).  The trial court has "broad discretion to craft a disposition designed to serve the juvenile's best interests."  *In re R.B.B.*, 187 N.C. App. 639, 643, 654 S.E.2d 514, 517 (2007), *disc. review denied*, 362 N.C. 235, 659 S.E.2d 738 (2008); *see also* N.C. Gen. Stat. §§ 7B-901, -903, -905 (2013).

The challenged provision states:

> Neither of the parties is allowed to make negative or derogatory remarks about the other parent, their family, or any member of the team including DSS, GAL, therapists, [and] other treatment providers providing services to parties around or in front of the juveniles.  If a party makes any negative or derogatory remarks then that party will be subject to Contempt of Court.

We believe that this provision is neither vague nor a delegation of the court's authority.  That is not to say, for example, that respondent mother would be in contempt every time she makes some statement that could be construed as negative or derogatory, unless it is shown that she made the statement in wilful

disobedience of the order, that is knowingly and with a stubborn purpose. *Clayton v. Clayton*, 54 N.C. App. 612, 615, 284 S.E.2d 125, 127 (1981). In any event, we have held that it is within the trial court's discretion to prohibit a parent from making similar comments in the presence of the children in this case. *See Woncik*, 82 N.C. App. at 250-51, 346 S.E.2d at 280-81 (upholding a similar provision in a civil custody order). Further, there is nothing in the court's order suggesting that it is somehow delegating its contempt power to DSS. Moreover, the trial court's unchallenged findings of fact demonstrate that respondent mother has a history of making negative and derogatory remarks about and to others involved in this case. Accordingly, we overrule this argument and affirm the trial court's orders.

AFFIRMED.

Judges Robert C. HUNTER and DAVIS concur.

Report per Rule 30(e).